In re Estate of Thomas Officer, Deceased.

Estates of Decedents: ATTORNEY FEES. An attorney is not entitled to compensation from an estate by reason of the fact that his services performed in the interest of those whose claims he held for collection resulted in enhancing the value of the estate, there being no contract of employment with the administrator.

Same. An estate should not be held for the payment of attorney's fees where the service rendered was primarily for the benefit of those holding claims and no benefit accrued to the estate, even though permission of court was obtained to appear in the name of the administrator.

*Appeal from Pottawattamie District Court.*—HON. O. D. WHEELER, Judge.

TUESDAY, FEBRUARY 2, 1904.

APPLICATION.of Fremont Benjamin for an order directing the administrator to pay him attorney fees for certain services beneficial to the estate. It was denied, and he appeals.—*Affirmed.*

*Fremont Benjamin, pro se.*

*J. J. Stewart* for appellee.

LADD, J.—The applicants, J. J. Hess, and J. J. Stewart, as attorneys, represented about one-half of the claims in number and amount filed against the estate of deceased. They devoted much time to the investigation of the condition of the estate, and later prepared an application for the removal of a former administrator, but finally induced him to resign without compensation, and the widow and heirs of deceased to yield any interest, such as that of homestead and the like, in certain property, to the payment of the indebtedness of the estate. These arrangements enhanced the value of the estate to be devoted to the payment of debts in the sum of $16,000. But what they did was in the interest of their own clients. They had not been employed by any one else, and, if entitled to compensation from the estate, it is because what they did for their clients inured to its benefit. Often advantage is derived directly or indirectly by one person from the work performed by another, but this alone furnishes no ground for a demand for payment of such services by the former. To justify such a demand there must be a contract, express or implied, for such payment; and we do not understand the appellant to contend there was either. Certainly nothing was done at the instance or request of the administrator, and, as another attorney had been retained by him, and these attorneys were acting in the interest of

numerous claimants as their clients, there is no room for the inference that either they or the administrator supposed them to be acting for him. The present administrator took the estate as he found it, and, if it had been enhanced in value by services in behalf of claimants, this, in the absence of contract or of an order of court, raised no obligation on his part to make compensation therefor.

II. Some time after the lapse of six months from the first publication of the notice of the administrator's appointment claims to the amount of $26,000, on which forty five per cent. had been paid by the receiver of a banking firm of which deceased was a member, were presented for allowance as claims of the third class, the excuse for not sooner filing them being that they had been on file with the receiver. As it was estimated that the assets of the estate would pay less than ten cents on the dollar of claims filed, it was of importance to creditors whose claims had been filed within six months that these and like claims should not be admitted to share the preference of claims of the third class over those of the fourth class. In these circumstances the applicants Hess and Stewart, suggested to the court that a defense should be made by the administrator, in order that the entire estate be represented in opposition to the claims, and the court entered an order that they be allowed to defend for their own clients and also to appear for the administrator, remarking that he would certainly allow creditors to appear and make defense, and believed that an order ought to be made to include the administrator. Up to that time they had acted solely in behalf of their clients, and we think the only purpose of this order was to better enable them to defend against the claims presented. The nature of the defense was such that, if successful, it of necessity must have inured to the benefit of the entire estate. Their appearance for the administrator then added nothing to what was essential to make defense in behalf of their clients. It may be that they were not directly authorized by the clients to defend against these claims, and under their contract could not

exact compensation from them; but the record clearly shows that they appeared in court for them, and sought to make defense in their interest. Moreover, as the administrator, who had retained counsel for all matters connected with the estate, had concluded not to defend, and this course was approved by the result, as the claims were established as prayed, we think the estate should not be held for the payment of services rendered primarily for others, though by mere permission in the name of the administrator, when in no manner beneficial to the estate.—AFFIRMED.